UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLAS FREEMAN MARTIN,<br><br>      Plaintiff,<br><br>v.<br><br>JE GROUPS d/b/a<br>JOHNSON AND EDWARDS,<br><br>      Defendant. | CIVIL COMPLAINT   1:16-cv-02804<br><br>CASE NO.<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes NICHOLAS FREEMAN MARTIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct of JE GROUPS d/b/a JOHNSON AND EDWARDS ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 27 year old natural person who resided at 929 S. Elizabeth Street, Kokomo, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant's "contingency services are a solution for businesses that wish to efficiently secure funds from their past due customers."[1]  Defendant acts as third-party debt purchaser and collection agency with its headquarters located in Riverside County, California.  Defendant maintains a mailing annex address at 75 W. Nuevo Road, Suite E324, Perris, California.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. On October 12, 2016, Plaintiff received a phone call from his mother, Melody Foster, informing him that Defendant had sent an agent to his grandmother's house.  Plaintiff's grandmother's name is Barlene Coglin ("Barlene").

10. Plaintiff's aunt, Tina Bearfield, also called Plaintiff and advised him that Barlene had called her as well.

---

[1] http://www.jegroups.net/index.html

11. Defendant told Barlene that Plaintiff owed a debt and if it was not satisfied that day a warrant would be issued for his arrest. Barlene was a given a phone number of (844) 513-2177 for Plaintiff to call. She was also given a "case number" of OA1137.

12. Concerned over her grandson's safety, Barlene advised Plaintiff's aunt and mother of the situation who in turn notified Plaintiff.

13. In response to Barlene being contacted, Plaintiff called Defendant at the number given.

14. Plaintiff spoke with a representative of Defendant's named Bryan, who advised that Plaintiff owed $1,345.00 ("subject consumer debt") on an outstanding bill from US Cellular originating in 2008.

15. Questioning the validity and amount of the subject consumer debt, Plaintiff asked Bryan numerous questions regarding its origination.

16. Bryan told Plaintiff that he could be garnished if the subject consumer debt was not promptly paid.

17. After seeking collection on the subject consumer debt, Bryan advised Plaintiff that his supervisor would be in contact.

18. At no time during the conversation with Bryan was Plaintiff advised that Defendant was acting as a debt collector.

19. Approximately 30 minutes later, Plaintiff received a call from a different representative of Defendant named Sandy.

20. During the call, Sandy sought collection of the subject consumer debt and made various threats to Plaintiff, including that a judgment would be taken against him.

21. At no time during the conversation with Sandy was Plaintiff advised that Defendant was acting as a debt collector.

22. Concerned over his conversations with Defendant and its threats, Plaintiff called back later the same day in order to get a mailing address.

23. Plaintiff was again connected with Sandy who sought collection on the subject consumer debt.

24. Sandy told Plaintiff that the balance of the subject consumer debt had increased due to interest being added. She stated that all contracts allow for 29.9 percent compound interest to be added.

25. Sandy further represented that various charges had been added to the subject consumer debt including delinquency fees, processing fees and penalty fees.

26. Sandy offered a settlement of the subject consumer debt in the amount of $570.12 which could be split into two payments. Additionally, Sandy offered a paid in full settlement amount of $295.97.

27. During the call, Sandy refused to give Defendant's physical address and stated that all payments had to be made with a credit card. She further represented that Defendant was a Federal Deposit Insurance Corporation ("FDIC").

28. At no time during the second conversation with Sandy was Plaintiff advised that Defendant was acting as a debt collector.

29. Plaintiff has never received any written correspondence from Defendant.

30. Concerned over Defendant's tactics, particularly its threats towards himself and Barlene, Plaintiff spoke with Sulaiman regarding his rights.

31. Plaintiff has suffered financial loss as a result of Defendant's conduct.

32. Plaintiff has been unfairly harassed and mislead by Defendant's actions.

33. Plaintiff has suffered concrete harm as a result of Defendant's actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. In general, the FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.

36. Through its collection conduct, Defendant violated a host of provisions of the FDCPA. Chiefly, Defendant violated 15 U.S.C. §§1692b(1), b(2), (c)(b), d, e, e(2)(A), e(4), e(5), e(7), e(8), e(10), e(11), e(14), f, f(1) and g through its debt collection actions towards Plaintiff.

37. In its entirety, Defendant's conduct showed reckless disregard for the FDCPA.  Plaintiff seriously doubts that Defendant has the legal ability to collect on the subject consumer debt. However, even if it does in fact possess the right to collect, its methods were in egregious violation of the law.

38. Defendant sent its agents to Barlene's home, an elderly third-party. Through sheer manipulation and intimidation, Defendant told Barlene that Plaintiff owed the subject consumer debt and would face a warrant if it was not paid. This misleading and fraudulent conduct was intended to produce the exact result Defendant sought, for Plaintiff to immediately contact it.

39. Once Plaintiff spoke with Defendant's representatives, he was subjected to a litany of false and harassing statements. From the imposition of 29.9 percent compound interest to threats of garnishment, Defendant's representatives knowingly made false statements with the goal of

coercing Plaintiff into making payment. When Plaintiff questioned Defendant's tactics, it doubled-down on its misrepresentations by stating it was a member of the FDIC.

40. Further, Defendant never disclosed that it was a debt collector nor did it send Plaintiff a "dunning notice" regarding his rights to dispute the subject consumer debt. Defendant's bad acts were not limited to a single representative or event. Rather, Defendant engaged in systematic fraud with multiple bad actors.

41. Using the above described tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against. As plead in paragraphs 30 through 33, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, NICHOLAS FREEMAN MARTIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(20) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

44. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

45. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

46. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

47. Defendant's collection conduct towards Plaintiff was "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

48. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment described above, Defendant illegally sought payment from Plaintiff.

49. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

50. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

51. As pled in paragraphs 30 through 33, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, NICHOLAS FREEMAN MARTIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 17, 2016  Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com